OPINION
The following is an accelerated calendar appeal from a final judgment of the Lake County Court of Common Pleas which granted summary judgment in favor of appellees, Kiwanis Club of Willoughby, Inc., Kiwanis International, Kiwanis International Foundation, Ohio District Kiwanis Foundation, Inc., Division 22 of Ohio District Kiwanis Foundation, and Kiwanis Club (collectively referred to as "appellees" or "Kiwanis"), as to the personal injury claims of appellants, Thomas H. and Susan Roseum. For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Appellant, Thomas H. Roseum, is a member of appellee, Kiwanis Club of Willoughby, Inc., a local service organization that is involved in various charitable work throughout the community. During Mr. Roseum's association with the organization, he held the following positions within the local club: President from 1984 to 1986; Secretary-Treasurer from 1987 to 1992 or 1993; and Secretary until September 30, 1996.
The Kiwanis Club of Willoughby, Inc. engages in a number of fund-raising activities throughout the year to support their charitable work. One such activity is the operation of a concession stand at various events throughout Lake County. In the fall of 1993, in an effort to expand their concession business, the organization decided to replace their existing trailer with a larger, pre-owned concession trailer. Before agreeing to purchase the replacement trailer, however, the organization sent three individuals from the club to view it, Dr. Scott Murray, Frank Rolf, and appellant. Dr. Murray was selected to view the trailer as he had prior experience working in concession trailers in high school and college. Frank Rolf, a retired employee of Lubrizol, was asked to check the roadworthiness of the vehicle. Appellant, who is employed as a roofing contractor, was selected to check the roof of the concession trailer for leaks, and, as he owned a trailer hitch, to tow the vehicle in case the organization decided to purchase the trailer. The organization subsequently purchased the trailer and it was towed by appellant to Willoughby where it was cleaned and painted. The trailer was never inspected by a professional mechanic to determine its safety.
On July 16, 1994, Mr. Roseum, at the request of the organization, towed the concession trailer to a fund-raising event in Willoughby. Moments after disconnecting the trailer from his truck, a Willoughby police officer informed Mr. Roseum that the trailer was "sitting crooked" and needed to be moved a little bit so as not to impede the flow of traffic. The Willoughby police officer, appellant, and another Kiwanis member attempted to move the trailer manually. As the three men tried to lift and move the trailer from the trailer tongue, the trailer jack assembly collapsed, allowing the trailer tongue to drop on Mr. Roseum's foot. The brackets which connected the jack and dolly wheel to the trailer tongue were the specific parts which penetrated and crushed Mr. Roseum's foot under the weight of the trailer, nearly severing his foot from his leg.
On July 12, 1996, appellants filed a complaint against appellees for their failure to provide Mr. Roseum with safe equipment and failure to implement procedures that would ensure the safety of Kiwanis members using that equipment. Appellees filed their answer on August 9, 1996. Thereafter, appellees, on February 27, 1997, requested leave from the trial court to file a motion for summary judgment. In their motion for summary judgment, which included the deposition testimony of Mr. Roseum, appellees argued that appellant was solely responsible for the accident that occurred and that any harm that had been done isdamnum absque injuria, a wrong for which the law affords no redress.[1] Appellees' motion for summary judgment continued as follows:
 "Thomas Roseum failed to exercise any due care for his own safety and, as a matter of fact, was a member and officer of the organization that purchased and checked the replacement trailer to see if it would be suitable for its intended purposes. If he chose to move the trailer as he did, and in the manner he did, he is the only one solely responsible for lifting it the way it was lifted. The fact that the accident happened is unfortunate, but it's no one's fault but his own. He has already told us in the deposition testimony that they did not hire a professional trailer inspector, or some independent expert who could make a determination concerning the safety of the trailer they bought, nor did he ever receive any instruction. However, he had been utilizing his own vehicle and carried trailer hitches with him. He obviously moved trailers before and no doubt had more experience than anybody within the organization itself about moving trailers. He has provided no expert whatsoever to verify any of the allegations contained in his complaint and, further, cannot explain why the accident happened, nor that there existed any defect in the particular vehicle that the membership bought. Thus, he assumed the risk of any injuries he received by his own conduct." (Emphasis added.)
The trial court granted appellees' request for leave to file their motion for summary judgment and appellants filed their brief in opposition to appellees' motion on March 13, 1997. In their brief, Mr. Roseum submitted evidence to the trial court, by affidavit, of the organization's failure to properly inspect the trailer, trailer jack, and dolly assembly, despite earlier bulletins provided by Kiwanis International. Those bulletins instructed local Kiwanis organizations to appoint a safety coordinator to "study every project for hazards." Subsequent to the accident, Mr. Roseum had the trailer weighed unloaded and with a load similar to the one that was on the trailer the day he was injured. He claimed that the tongue weight of the concession trailer was seven hundred pounds unloaded and one thousand pounds loaded.
In addition to submitting the affidavit of Mr. Roseum, appellants submitted to the trial court the affidavit of Steven Duscay, President and owner of Trailer Tech in Eastlake, Ohio. Mr. Duscay described his fifteen years of experience repairing, replacing, and designing trailer hitches and jacks similar to those used on the Kiwanis trailer. In Mr. Duscay's opinion, based on the manufacturer's recommendations, the jack on the Kiwanis trailer had a weight capacity of only seven hundred fifty pounds and was insufficient for appellees' intended use of the trailer. Mr. Duscay further averred that a safety inspection by anyone with any knowledge of trailers and trailer jacks would have indicated that the jack on the Kiwanis trailer was old, inappropriate, and unsafe for appellees' intended use of the concession trailer. He opined that "[t]he jack also appeared old and bent and it appears that the release pin became dislodged either by improper placement or by the jack not being able to support the greater weight capacity causing the jack to bend on movement." Thus, he set forth two potential explanations of proximate cause: one, the pin was improperly placed; or, two, the trailer collapsed upon it being moved due to an excessive load placed in the trailer. The appellant's affidavit indicates that another Kiwanis member was responsible for the pin and that the excess weight was also due to club activity.
On April 30, 1997, the trial court granted appellees' motion for summary judgment. The court held that appellants failed to establish any breach of duty owed by appellees and noted that Mr. Roseum was present when the concession trailer was "purchased, examined, inspected, and transported." The trial court further noted that appellant, "as an officer of Kiwanis Club of Willoughby, had the opportunity to request that the trailer be examined or inspected professionally either prior to or after the purchase [by the organization.]" From this judgment, appellants have filed a timely notice of appeal and now assert the following two assignments of error:
 "1. The trial court erred in granting defendant- appellee's motion for summary judgment.
 "2. The trial court did not properly apply the standard of summary judgment to the issue of negligence in this case."
As appellants' assignments of error challenge the trial court's decision to grant appellees' motion for summary judgment, they will be addressed in a consolidated fashion.
Civ.R. 56(C), providing the standard governing motions for summary judgment, states in pertinent part that:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
In construing Civ.R. 56(C), the Supreme Court of Ohio has stated that the moving party bears the burden of establishing that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, construing the evidence in favor of the nonmoving party, can come to but one conclusion and that conclusion is adverse to the party opposing the motion. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66; Morrisv. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47.
The Supreme Court of Ohio in Dresher v. Burt (1996), 75 Ohio St.3d 280, set forth the burden that is placed on each party when a motion for summary judgment is filed. The court held:
 "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
It is well established that a plaintiff must demonstrate the following elements to recover on a claim of negligence: the existence of a duty; a breach of that duty; and an injury that was proximately caused by the breach of duty. See, e.g., Mussivand v.David (1989), 45 Ohio St.3d 314, 318; Lindquist v. Dairy MartConvenience Stores of Ohio, Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-0015, unreported. In the context of a summary judgment motion, a defendant to a negligence action must present evidence, as the moving party, which affirmatively demonstrates that the plaintiff will be unable to prove any one of the above elements before the defendant would be entitled to judgment as a matter of law. Lindquist at 7.
Appellants established that Kiwanis had care and control as well as notice that members without training or direction would be using equipment, including moving it and utilizing the dolly/jack assembly. Appellants also showed that no professional inspection of the trailer and hitch/jack/dolly assembly was ever done. As a result, the burden under Dresher becomes a reciprocal one. Appellees had to present or point to evidence which demonstrates that the Kiwanis organizations did not have a duty toward their members to supply them with equipment that is free from an unreasonable and/or foreseeable risk of harm. Appellees also failed to assert or establish that the Kiwanis organizations did not breach any duty owed to appellants, nor did they assert that Mr. Roseum's injuries were not proximately caused by appellees' actions. Instead, appellees stated that Mr. Roseum was solely responsible for the accident and criticized appellants for their failure, at the time appellees took Mr. Roseum's deposition, to hire an independent expert to determine the safety of the concession trailer purchased by appellees. We disagree.
While appellees did present evidence within their motion for summary judgment that may raise issues relating to the comparative negligence of the parties, the sum of the evidence presented, when viewed in a light most favorable to appellants, fails to establish that Mr. Roseum was responsible for his injuries as a matter of law. Appellants presented evidence, such as the affidavits of Mr. Duscay and Mr. Roseum, which create genuine issues of material fact as to whether appellees used reasonable care to protect appellant from an unreasonable risk of harm. Further, the only evidentiary material addressing proximate cause, improper pin insertion or removal and buckling caused by movement coupled with excess weight, favors appellants' allegation of club negligence.
The resolution of this evidentiary conflict, and the determination of the parties respective percentage of liability, is best left to the trier of fact. Consequently, because genuine issues of material fact remain and reasonable minds could reach different conclusions as to whether appellees breached a duty of care that proximately caused the injuries to appellants, appellees' motion for summary judgment was improperly granted. Appellants' assignments of error are well taken.
Based on the foregoing, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, JUDGE.
CHRISTLEY, P.J., and O'NEILL, J., (Joseph), Ret., Seventh Appellate District, sitting by assignment, concur.
[1] Black's Law Dictionary (6 Ed. 1990) 393 definesdamnum absque injuria as follows:
"Loss, hurt, or harm without injury in the legal sense; that is, without such breach of duty as is redressible by a legal action. A loss or injury which does not give rise to an action for damages against the person causing it."